IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROLAND I. KEHANO, SR., #A0134841, | ) ) | CIV. NO. 19-00018 SOM-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING OBJECTIONS |
| vs. | ) ) | |
| SCOTT HARRINGTON, et al., | ) ) | |
| Defendants. | ) ) | |

## **ORDER DENYING OBJECTIONS**

On February 6, 2019, this court dismissed this action without prejudice to Plaintiff's refiling with concurrent payment of the filing fee, and warned Plaintiff that the court would take no action on any documents that he filed without such payment. *See* Dismissal Order, ECF No. 3, PageID #14. The court found that Plaintiff, a prisoner proceeding *pro se*, has accrued three "strikes" pursuant to 28 U.S.C. § 1915(g),[1] did not allege that he was in imminent

---

[1] *See, e.g.*, *Kehano v. Pioneer Mill Co.*, No. 1:12-cv-00448 (D. Haw. Dec. 6, 2012) (dismissing for failure to state a claim), App. No. 16-15129 (9th Cir. Mar. 8, 2016) (dismissed as untimely); *Kehano v. Espinda*, No. 1:12-cv-00529 (D. Haw. Oct. 24, 2012) (dismissing for failure to state a claim) (no appeal taken); *Kehano v. State*, No. 2:05-cv-02475 (D. Ariz. Sept. 8, 2005) (dismissing for failure to state a claim), *aff'd*, App. No.

danger of serious physical injury when he commenced this action and therefore cannot proceed without payment of the civil filing fee. *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Before the court are Plaintiff's serial "Objections" to the dismissal of this action, which are jointly considered and construed as a Motion for Reconsideration. *See* ECF Nos. 5-8. Plaintiff's Objections raise numerous issues. For instance, Plaintiff refers to a state post-conviction petition, S.P.P. No. 19-1-0002(2), and says that State and federal officials have colluded to deny him due process. Plaintiff discusses his son's death in 2015, allegedly due to the negligence of Kaiser Permanente or Maui Memorial Hospital staff and deliberate indifference of prison officials, which is the basis for this suit. Plaintiff states that he was prevented from attending a recent hearing before the Hawaii

---

05-16908 (9th Cir. 2007); *Kehano v. State*, No. 2:04-cv-00935 (D. Ariz. Oct. 25, 2005) (dismissing for failure to state a claim), *aff'd*, App. No. 05-17237 (9th Cir. 2006).

Medical Inquiry and Conciliation Panel (MICP), in MICP No. 2018-060, regarding his son's death, and was later disciplined because he took a pen from a prison staff member's desk while waiting to connect with the MICP hearing officers.

Relevant to the dismissal of this action, Plaintiff says that, although he "was not in imminent danger of serious physical injury" when he brought this action, he suffers from unidentified "mental and life threatening medical issues" relating to his son's 2015 death and his inability to attend the MICP hearing. Plaintiff also alleges that he "corrected all 4 strikes in the 9th Cir. Court of Appeals," on or about Feb. 16, 2017. ECF No. 8, PageID #40, 42.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn*

*Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations, and emphasis omitted).

First, Plaintiff admits that he was not in imminent danger of serious physical injury when he brought this action. The court cannot reasonably infer that Plaintiff was in imminent, physical jeopardy due to his son's alleged wrongful death in 2015, his inability to attend the MICP hearing because he was incarcerated, or his disciplinary sanction for taking a pen.

Second, the court has carefully reviewed the federal court's judicial case database for evidence to support Plaintiff's allegation that he has "corrected" his strikes. This court remains convinced that Plaintiff has accrued at least four strikes pursuant to 28 U.S.C. § 1915(g). *See supra,* n.1. The "February 16, 2017" Ninth Circuit decision to which Plaintiff apparently refers is an appellate order denying Plaintiff's application to file a second or successive state petition for writ of habeas corpus in *Kehano v. Harrington*, App. No. 16-73717 (9th Cir. 2016). There

are no decisions showing that his strikes have been absolved.

Plaintiff may not proceed *in forma pauperis* in this action, and there is no persuasive reason to reconsider the February 6, 2019 Dismissal Order. Plaintiff's Objections, ECF Nos. 5-8, are overruled. The court will take no further action on any documents filed herein, regardless of whether Plaintiff submits a filing fee, beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; March 7, 2019.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Kehano v. Harrington, et al.,* No. 19-cv-00018 SOM-KJM; PSA Recon '19